

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-15-2008

# Jiang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2198

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jiang v. Atty Gen USA" (2008). *2008 Decisions.* Paper 366.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/366

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2198
_____

JING GUO JIANG,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A77 958 190)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 16, 2008
Before: MCKEE, NYGAARD and ROTH, <u>Circuit</u> <u>Judges</u>

(filed: October 15, 2008)
_____

OPINION
_____

PER CURIAM

     Jing Guo Jiang petitions for review of a Board of Immigration Appeals ("BIA")

decision denying his motion to reconsider its affirmance of the Immigration Judge's

("IJ") decision denying his applications for asylum, withholding of removal, and

protection under the Convention Against Torture.  We will deny the petition for review.

Jiang is a native and citizen of China. He came to the United States in 2001. Shortly after his arrival, the Immigration and Naturalization Service issued a notice to appear charging that Jiang was subject to removal because he did not possess a valid entry document at the time of his application for admission. Through counsel, Jiang conceded that he was removable as charged and applied for asylum. The IJ also considered Jiang's eligibility for withholding of removal and relief under the Convention Against Torture, in accordance with immigration regulations.

Jiang testified that he left China because he feared the Chinese government would sterilize him. After his first daughter was born in 1991, the government required Jiang's wife to have an IUD inserted. Five years later, she applied for, and received, permission to have another child. Jiang's second daughter was born in 1996, after which the government required his wife to have another IUD inserted. Jiang wanted a son, and his wife went to a private doctor to have the IUD removed. In 2001, she became pregnant. Government officials learned of the pregnancy during an examination, and told Jiang's wife that she must have an abortion. After the doctor stated that his wife was too weak to have an abortion, the government told Jiang's wife that Jiang must report for sterilization. Jiang went into hiding and then left China. Thereafter, the government forced his wife to have an abortion. Jiang testified that, if he returned to China, he would be forcibly sterilized and jailed because he departed the country illegally.

The IJ concluded that Jiang was not credible, and that he did not meet his burden of proof. The IJ explained that Jiang's testimony was vague and general. The IJ noted that a letter purportedly written by Jiang's wife was written by the same person who wrote

Jiang's asylum application, and that the letter and statement contained the same information. The IJ found Jiang's wife's letter and/or his asylum application fraudulent.

The IJ did not believe that a private doctor would remove an IUD inserted by the government because the doctor would be subject to imprisonment. The IJ also did not believe that a husband would leave the country for fear of sterilization when his wife was pregnant, had two other children, and had violated China's birth control policies. Finally, the IJ found Jiang not credible based on his testimony that he could not return to China because he left illegally. The IJ noted that Jiang left the country with a Chinese passport, and that it appeared that Jiang was repeating something that he had heard, which had no application to his case. The IJ found Jiang's asylum application frivolous and denied his applications for relief.

The BIA adopted and affirmed the IJ's decision. The BIA agreed that Jiang's account was so devoid of detail as to be lacking in credibility. The BIA explained that the record did not reflect the details expected for population control claims, such as the names of facilities where the medical procedures were performed, the names or number of officials or medical personnel involved, and the details of the alien's attempts to avoid the procedures, including the circumstances surrounding the attempts to flee or hide. The BIA also noted that Jiang and his wife did not adequately explain why Chinese officials did not abort Jiang's wife's third pregnancy when it was first discovered. The BIA, however, disagreed with the IJ's finding that Jiang's claim was frivolous because Jiang did not have a sufficient opportunity to account for his claim's implausibility.

Jiang filed a motion to reconsider the BIA's decision. Jiang argued that the BIA

erred by requiring more details where the IJ did not ask for more information at the hearing. He stated that his attorney was not required to flesh out all of the details of his claim. Jiang also argued that the evidence presented was sufficient, that the IJ's disbelief that people went to private doctors to have IUDs removed was not grounds to deny asylum, and that there was substantial evidence showing that he fled China to escape the threat of sterilization.

The BIA denied Jiang's motion to reconsider, explaining that he asserted broad allegations of error and did not show where the evidence was sufficiently and adequately detailed to prove the claim credible and the adverse credibility finding in error. The BIA stated that Jiang only once referred to testimony he gave about his fears of being sterilized, and he did not refer to any of his other testimony or evidence to show that the concerns relating to his overall credibility were unfounded.

Our jurisdiction is limited to a review of the BIA's decision denying Jiang's motion to reconsider. Jiang did not file a timely petition for review of the BIA's initial decision dismissing his appeal of the IJ's denial of asylum, and we may not review that decision. See Stone v. I.N.S., 514 U.S. 386, 405-06 (1995) (holding motion to reconsider did not toll the time to file a petition for review of the BIA's original decision). We review the BIA's denial of a motion to reconsider for abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). We will disturb the denial of a motion to reconsider only if it was arbitrary, irrational, or contrary to law. Id.

In denying the motion to reconsider, the BIA decided that Jiang had not shown that the adverse credibility finding, which was dispositive of his asylum claim, was incorrect.

Although Jiang argued that the BIA erred by requiring additional details where the IJ did not seek more information at the hearing, an asylum applicant bears the burden of proving his eligibility for asylum based on specific facts and credible testimony. Guo v. Ashcroft, 386 F.3d 556 (3d Cir. 2004). Jiang did not contend that the IJ precluded him in any way from presenting his case. We agree with Jiang that the IJ appears to have speculated that private doctors in China would not remove an IUD, but the IJ did not base its credibility determination solely on this factor. Jiang did not address in his motion to reconsider the concerns about his wife's statement or his testimony that he had departed China illegally. Jiang has not shown that the BIA's decision denying his motion to reconsider was arbitrary, irrational, or contrary to law.[1]

Accordingly, we will deny the petition for review.

---

[1] In his brief, Jiang addresses his wife's statement and the IJ's belief that a person in circumstances would not have fled China. Because Jiang did not address these factors in his motion to reconsider, we did not consider these arguments.